IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EVELYN COTTRELL,

    Plaintiff,

v.

OLD REPUBLIC TITLE INSURANCE COMPANY, et al.,

    Defendants

                                       /

No. C 07-0852 MMC

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT; DENYING PLAINTIFF'S REQUEST FOR FEES AND COSTS; VACATING HEARING**

       Before the Court is plaintiff Evelyn Cottrell's motion to remand, pursuant to 28 U.S.C. § 1447. Defendants MortgageTree Lending ("MortgageTree") and Louis Siqueiros ("Siqueiros") (collectively, "defendants") have filed opposition,[1] to which plaintiff has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for March 30, 2007, and rules as follows.

       Plaintiff, in her complaint, asserts three causes of action, specifically, "equitable/ legal relief" to quiet title, "breach of fiduciary duty," and "elder abuse." (See Compl. at 4-8.) In her motion to remand, plaintiff argues defendants cannot establish the existence of a

---

[1] The remaining defendants, specifically, Old Republic Title Insurance Company, Tracy Federal Credit Union, and Ariane Cottrell, have not filed a response to the motion.

federal question, given that she has elected to allege only causes of action arising under state law.

MortgageTree removed the instant complaint on the ground a federal question exists; MortgageTree's argument is based on plaintiff's allegation, made in support of her causes of action for breach of fiduciary duty and for elder abuse, that defendants did not comply with a provision of the federal Truth in Lending Act ("TILA"), under which, according to plaintiff, defendants were required to provide plaintiff with copies of certain documents. (See Compl. ¶¶ 14, 16.)

Where, as here, a party alleges claims arising under state law, and such claims are not completely preempted by federal law,[2] a district court has federal question jurisdiction only if "some substantial, disputed question of federal law is a necessary element" of the state law claims. See Rains v. Criterion Systems, Inc., 80 F. 3d 339, 345 (9th Cir. 1996). Jurisdiction under such theory, however, cannot be established where a plaintiff's state law claims are based on violations of both federal and state law, because, under such circumstances, "federal law is not a necessary element of the claim." See id. at 346; see, e.g., Willy v. Coastal Corp., 855 F. 2d 1160, 1169-71 (5th Cir. 1988) (holding complaint alleging wrongful discharge not removable where termination assertedly based on plaintiff's refusal to act in violation of federal and state laws); Anderson v. Household Finance Corp., 900 F. Supp. 386, 388-89 (M.D. Ala. 1995) (holding, where complaint asserted state law causes of action, and alleged in support thereof that defendant mortgagee violated "federal and state laws" including TILA, complaint did not present federal question because TILA "not essential to" claims in light of plaintiff's alternative theories).

Here, plaintiff's breach of fiduciary duty and elder abuse claims are predicated on alleged wrongful conduct in addition to defendants' alleged failure to provide plaintiff with copies of certain documents required by TILA. In particular, plaintiff alleges that defendants failed to provide her with any "understanding" of the "combined interest

---

[2]Defendants do not argue that TILA completely preempts plaintiff's claims.

1 only/amortized loan provisions until after the loan was consummated," (see Compl. ¶¶ 9,
2 13, 15), caused her to enter into a contract whose terms differed from those that had been
3 "previously disclosed" to her by Siqueiros, (see id. ¶ 15), and placed certain of plaintiff's
4 relatives on the title to the real property at issue in contravention of plaintiff's "intent," (see
5 id.).  With the exception of plaintiff's allegation that defendants did not comply with TILA,
6 defendants fail to show, or even articulate a reason why, the above-referenced assertedly
7 wrongful conduct in any way implicates federal law.  Consequently, plaintiff's state law
8 claims for breach of fiduciary duty and elder abuse cannot be deemed "necessarily"
9 predicated on a violation of federal law.[3]  See Rains, 80 F. 3d at 345-46.[4]

10          Accordingly, plaintiff's motion to remand will be granted.

11          In her motion, plaintiff requests an award of attorney's fees and costs in the amount
12 of $2500.  A district court has "wide discretion" in deciding whether to award attorney fees
13 under § 1447(c), see Moore v. Permanente Medical Group, 981 F. 2d 443, 447 (9th Cir.
14 1992), and "bad faith need not be demonstrated," see id. at 448.  In the instant action,
15 although the Court has found defendants failed to establish the Court's jurisdiction over
16 plaintiff's complaint, the Court is not persuaded that the law relevant to the Court's decision
17 was so clearly established, or that any other consideration herein suggests, that an award
18 of fees and costs is warranted.  Moreover, neither plaintiff nor her counsel has provided a
19 declaration attesting that plaintiff has incurred, as a result of the removal, fees and costs in
20 any specified amount.

21          Accordingly, plaintiff's request for an award of fees and costs will be denied.

---

[3] The issue of whether plaintiff has sufficiently stated a claim under any of the above theories is not for this Court to decide.  See Lippitt v. Raymond James Financial Services, Inc., 340 F. 3d 1033, 1043 (9th Cir. 2003) (holding district court lacked federal question jurisdiction over state law claim because federal law not "necessary element" of such claim; stating, "We express no opinion on whether [plaintiff] has made sufficiently detailed allegations . . . to survive in state court a demurrer or motion on the pleadings.").

[4] Defendants observe that the prayer for relief in the complaint includes a reference to damages "pursuant to federal and state law."  (See Compl., prayer ¶ 5.)  Because plaintiff has chosen to allege only state law claims, and not, for example, a claim under TILA, her reference to "federal" in the prayer for relief is surplusage and cannot, by itself, create federal jurisdiction.

**CONCLUSION**

For the reasons stated above, plaintiff's motion to remand is hereby GRANTED, and plaintiff's request for fees and costs is hereby DENIED.

The Clerk is hereby directed to remand the instant action to the Superior Court of California in and for the County of San Mateo.

**IT IS SO ORDERED.**

Dated: March 27, 2007

MAXINE M. CHESNEY
United States District Judge

4